## Phosa L. McMaster v. Jesse L. Spencer.

### Gen. No. 4,630.

1. INSTRUCTIONS—*how considered.* Instructions are to be considered as a series and the omissions of one may be supplied by the contents of another or others.

2. BREACH OF PROMISE—*instructions in action for, to marry, held not prejudicial.* A number of instructions pertaining to an action for breach of promise to marry are set forth in this opinion and are held not prejudicial to the plaintiff.

Action on the case. Error to the Circuit Court of Boone county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

WILLIAM L. PIERCE, for plaintiff in error; JAMES R. JAFFRAY, of counsel.

CARNES, DUNTON & FAISSLER, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action on the case brought by the plaintiff against the defendant for breach of promise of marriage. The declaration consists of three counts. The first count alleges that the plaintiff, at the request of the defendant, promised to marry him when she would be thereafter requested, but that afterwards the defendant refused to marry the plaintiff, and continued to so refuse. The second count avers that the defendant promised to marry the plaintiff within a reasonable

time; that the plaintiff was always thereafter ready and willing to marry the defendant, but that the defendant refused to marry the plaintiff. The third count avers that the defendant promised to marry the plaintiff when requested so to do; that the plaintiff had requested the defendant to marry her, but that defendant refused so to do, and afterwards married another woman.

The defendant filed a plea of the general issue, and also a plea of the Statute of Limitations. The case was tried before a jury which returned a verdict in favor of the defendant. A motion for a new trial was overruled, and judgment was entered against the plaintiff.

Plaintiff brings the case to this court for review and assigns numerous errors in the record. Some of the errors complained of are not covered by the motion for a new trial, and consequently they will not be considered in this court. The errors chiefly complained of are in the first and fifth instructions given to the jury at the request of the defendant.

These instructions are as follows:

"(1)  You are instructed that the Statute of Limitations has been pleaded in this case. That is, that even though you may believe from the evidence that a marriage engagement existed between the parties to this cause, as claimed by the plaintiff, yet if at any time prior to five years before beginning this action the defendant gave the plaintiff to understand that he would not marry her, and has not within said five years renewed such engagement of marriage, then you must find for the defendant."

"(5)  You are further instructed that it does not follow as matter of law that because a man as a suitor of a lady visits her frequently and is apparently attentive, and even affectionate to her, that a marriage engagement exists between them."

These instructions standing alone, might be subject to criticism; but taken in connection with the instructions given on behalf of the plaintiff, we think they

worked no injury to the plaintiff in the minds of the jury. Instructions Nos. 2, 3 and 4 given at the request of the plaintiff, are as follows:

"(2) The court instructs the jury that as a matter of law a promise to marry, without any time being fixed for the fulfillment of the promise, if accepted and relied upon, is a valid and binding promise, and that it is a continuing promise and the Statute of Limitations does not commence to run against such a promise until a breach thereof; and in this case, if you believe from the evidence that the defendant asked the plaintiff to marry him, and that she consented to do so, that such facts, if you believe from the evidence that they are facts, constitute a continuing and binding contract; and if you further believe from the evidence that this suit was commenced within five years after a breach of such contract, or after the refusal of the defendant to perform his said promise, if such promise is shown by the evidence, then the Statute of Limitations is no bar to this action, and you should find the issues joined for the plaintiff, and assess her damages. You are further instructed that the marriage of the defendant to another woman, if you believe from the evidence he was so married to another woman than the plaintiff, would constitute a breach of his promise to the plaintiff, if you believe from the evidence he did promise to marry the plaintiff."

"(3) You are instructed that a promise to marry need not be proved by direct or positive testimony of witnesses. Like any other contract, it may be proved by circumstances, by the relations of the parties, by unusual and marked attentions, long continued intimacy, and those manifestations of attachment and regard which usually precede the consummation of the marriage contract, so far as such matters are shown by the evidence in the case. In determining the issue as to whether or not the defendant promised to marry the plaintiff, you should consider all the evidence in the case, and all the circumstances shown by the evidence bearing on that question."

" (4)  To entitle the plaintiff to recover in this case,
it is not necessary that she should prove an express
contract on the part of the defendant to marry her.
A contract to marry may be inferred from those cir-
cumstances which usually accompany a contract to
marry, if such circumstances are shown by the evi-
dence."

We think the jury could not have been misled by
the instructions complained of, when they are taken
into consideration with the other instructions given
in the case.

The judgment is, therefore, affirmed.

*Affirmed.*